THE STATE on the relation of WM. C. EMERSON, Recorder of the First District of New Orleans, *v.* JOHN T. MONROE, Mayor of New Orleans et al.

*The Acts of 1852 and 1856 contain no express repeal of the former laws investing the Mayor with a concurrent criminal jurisdiction with the several Recorders; nor are the provisions of these Acts contrary to, or repugnant to those of the former statutes investing the Mayor with such jurisdiction.*

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Field & Blocker*, for plaintiff and appellant. *Bonford* and *Michel*, for defendants.

LAND, J. This proceeding is a rule taken by the relator against the Mayor and Chief of Police to show cause why a writ of *quo warranto* should not be directed to them, enquiring by what authority they claim to exercise a criminal jurisdiction within the limits of the First District of this city.

On the answers of the Mayor and Chief of Police, the District Judge refused to grant the writ, and dismissed the rule. The relator has appealed.

The only question presented for our decision in the case, is whether the Mayor when acting as a magistrate or justice of the peace, is invested by law with a concurrent criminal jurisdiction with the several Recorders of the city. It is conceded that the Mayor possessed such jurisdiction prior to the passage of the Act of 1852, to consolidate the City of New Orleans, and provide for the government and administration of its affairs. But the relator contends that the Mayor was divested of his criminal jurisdiction not only by the Act of 1852, but also by the Act amendatory thereof, approved March 20th 1856. The question of jurisdiction is therefore dependent on the one of repeal.

The Civil Code declares that the repeal of laws is either express or implied. It is express when the repeal is literally declared by a subsequent law. It is implied, when the new law contains provisions contrary to, or irreconcilable with those of the former law. Art. 23.

The Acts of 1852 and 1856 contain no express repeal of the former laws *investing the Mayor with a concurrent criminal jurisdiction* with the several Recorders; nor are the provisions of these Acts contrary to, or repugnant to those of the former statutes *investing the Mayor with such jurisdiction.* But on the contrary, the Acts of 1852 and 1856 expressly provide that the Mayor shall be, *ex officio*, justice and conservator of the peace; and thereby invest him with a concurrent criminal jurisdiction over all offences committed within the limits of the city, and cognizable by other municipal officers acting in the capacity of magistrates and conservators of the peace. And besides, as Art. 124 of the Constitution of 1852, enjoins on the Governor the duty of issuing commissions to the Mayor, Recorders, and other officers, *as Justices of the Peace*, it may be doubted whether the Mayor could be inhibited, by legislative enactment, from concurrently exercising the criminal jurisdiction vested by law in the several Recorders of the City.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.